UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT PRZEKURAT,

        Plaintiff,

v.

        Case No. 18-cv-723-pp

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

        Defendant.

**ORDER GRANTING MOTION FOR ATTORNEY'S FEES UNDER §206(b)(1) (DKT. NO. 34)**

On November 19, 2020, the court reversed the decision of the Commissioner and remanded the case to the Commissioner of Social Security under sentence four of 42 U.S.C. §405(g). Dkt. Nos. 24, 25. The parties later stipulated to an award of attorney's fees under the Equal Access to Justice Act in the amount of $5,300, dkt. no. 33, which the court approved on March 15, 2021, dkt. no. 34. The plaintiff received a fully favorable decision from the Commissioner on September 2, 2021, dkt. no. 35 at ¶1, and the April 13, 2022 Notice of Award stated that the plaintiff's past due benefits were $98,424, dkt. no. 35-1 at 6. The plaintiff filed a motion for attorneys' fees under §206(b)(1) of the Social Security Act, 42 U.S.C. §406(b)(1). Dkt. No. 35. The plaintiff's attorney, Curtiss N. Lein, seeks an award in the amount of $20,631. Id. at 1. The Commissioner filed a response stating that she does not oppose the motion. Dkt. No. 36.

1

## I. Legal Standard

An attorney who succeeds in obtaining benefits for a Social Security claimant may recover fees under 42 U.S.C. §406. "'Section 406(a) governs fees for representation in administrative proceedings before the Social Security Administration; § 406(b) controls fees for representation in federal court.'" Kopulos v. Barnhart, 318 F. Supp. 2d 657, 660 (N.D. Ill. 2004) (citing Gisbrecht v. Barnhart, 535 U.S. 789, 794 (2002)). The statute provides for a reasonable fee not to exceed 25% of the past-due benefits awarded to the claimant. Id. at 661. The fees are deducted from the claimant's benefits and do not constitute an award against the government. Id.

The court must approve any fee under §406(b). Congress did not intend such review to override the claimant and counsel's fee arrangement but rather to act as an "independent check" to ensure that the arrangement yielded a reasonable result. Gisbrecht, 535 U.S. at 807. Within the 25% boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Id. In making its determination, the court may consider the character of the representation and the results obtained, reducing the award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time the counsel spent on the case that the fee would constitute a windfall for the attorney. Id. at 808.

2

## II.    Analysis

The plaintiff signed a contract with Attorney Lein on May 6, 2018, agreeing to a 25% total fee for representation before the agency and the court. Dkt. No. 35-1 at 1. The agreement stated:

> If I lose my administrative hearing, and I win my case later, the fee will be twenty-five percent (25%) of all back benefits (including DIB, SSI, widows, and dependent) awarded in my case.

Id. (underlining omitted). The Social Security Administration withheld 25% of the plaintiff's past-due benefits, or $24,606, to pay the plaintiff's lawyer; $3,975 was paid to Attorney Lein for work before the Social Security Administration and the remainder ($20,361) continues to be withheld pending this court's decision on the instant motion. Id. at ¶3.

Section 406(b) places two limitations on attorney's fee awards: a cap of 25% and a reasonableness requirement. The award the plaintiff's counsel has requested plainly satisfies the first of those limitations; it does not exceed the 25% cap.

The §406(b) fee requested appears reasonable. The plaintiff's attorney obtained a good result for the plaintiff, with an award of benefits from April 2013 through November 2021. Dkt. No. 35-1 at 6. The plaintiff agreed to pay up to 25% of the past-due benefits awarded to him and while an implied rate of more than $1,000 per hour is high, the court previously has stated that it is not unprecedented. See Mentecki v. Colvin, No. 14-cv-1110-pp, 2019 WL 3323874, *2 (E.D. Wis. July 24, 2019) (citing Peterson v. Colvin, No. 12-cv-391 at Dkt. No. 32 (E.D. Wis. Sep. 3, 2015) (approving award resulting in implied

3

hourly rate exceeding $1,000, based upon performance and client approval); Kolp v. Colvin, No. 12-cv-842, 2015 WL 4623645, at *2 (E.D. Wis. Aug. 3, 2015) (granting in full request for award equating to $1,118.44 hourly rate).

Where the plaintiff's attorney receives fees under both the EAJA and §406(b), the attorney must refund to the plaintiff the smaller fee. Gisbrecht, 535 U.S. at 796. Attorney Lein states that upon payment of the §406(b) fees, he will refund to the plaintiff the $5,300 in EAJA fees previously awarded by the court. Dkt. No. 35 at ¶5.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for attorney fees under §206(b)(1) and **APPROVES** an award of $20,631 payable to the plaintiff's attorney by the defendant. Dkt. No. 31.

Upon receipt of the award, the plaintiff's attorney must refund to the plaintiff the $5,300 fee previously awarded under the Equal Access to Justice Act.

Dated in Milwaukee, Wisconsin this 23rd day of August, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**